IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OFNEBRASKA

GUILLERMO HERRERA, III,            )        CASE NO. 8:15-CV-00426
                                   )
            Plaintiff,             )
                                   )
    vs.                            )        ANSWER TO PLAINTIFF'S
                                   )        AMENDED COMPLAINT
UNION PACIFIC RAILROAD             )
COMPANY,                           )
                                   )
            Defendant.             )

    COMES NOW the Defendant Union Pacific Railroad Company, and for its answer to

Plaintiff's amended complaint, admits, denies and alleges as follows:

    1.    Admits Defendant is a corporation duly organized and existing under the laws of

the State of Delaware and operates as a railroad carrier in the State of Nebraska and other states,

but denies the remaining allegations contained in Paragraph 1.

    2.    Admits the allegations contained in Paragraph 2.

    3.    Admits that in July 2015, Plaintiff was employed by Union Pacific Railroad

Company as a machine operator, but denies the remaining allegations contained in Paragraph 3.

    4.    Denies the allegations contained in Paragraph 4.

    5.    Admits the jurisdiction of this Court, if any, is based upon the Federal Employers'

Liability Act, 45 U.S.C. §51, *et seq*., but denies the remaining allegations of Paragraph 5.

    6.    Admits the jurisdiction of this Court, if any, is based upon the Federal Employers'

Liability Act, 45 U.S.C. §51, *et seq*., but denies the remaining allegations of Paragraph 6.

## FIRST CLAIM FOR RELIEF

    7.    Defendant realleges and incorporates its responses to Paragraphs 1 through 6,

inclusive, as if fully set forth herein.

8.      Admits that in July 2015, Plaintiff was employed by Union Pacific Railroad Company, but denies the remaining allegations contained in Paragraph 8.

9.      Admits that in July 2015, Plaintiff was employed by Union Pacific Railroad Company, but denies the remaining allegations contained in Paragraph 9.

10.     Defendant is currently without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 10 and therefore denies the same.

11.     Defendant is currently without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 11 and therefore denies the same.

12.     Denies the allegations contained in Paragraph 12.

13.     Defendant is currently without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 13 and therefore denies the same.

14.     Defendant is currently without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 14 and therefore denies the same.

15.     Defendant is currently without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 15 and therefore denies the same.

16.     Denies the allegations contained in Paragraph 16.

17.     Defendant is currently without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 17 and therefore denies the same.

18.     Admits the language set forth in Paragraph 18 appears to have been from a portion of a Union Pacific document.

19.     Defendant is currently without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 19 and therefore denies the same.

20.     Denies the allegations contained in Paragraph 20.

21.    Denies the allegations contained in Paragraph 21

22.    Denies the allegations contained in Paragraph 22.

23.    Defendant is currently without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 23 and therefore denies the same.

24.    Denies the allegations contained in Paragraph 24.

25.    Denies the allegations contained in Paragraph 25.

26.    Defendant is currently without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 26 and therefore denies the same.

27.    Defendant is currently without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 27 and therefore denies the same.

28.    Defendant is currently without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 28 and therefore denies the same.

29.    Defendant is currently without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 29 and therefore denies the same.

30.    Defendant is currently without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 30 and therefore denies the same.

31.    Denies the allegations contained in Paragraph 31.

32.    Defendant is currently without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 32 and therefore denies the same.

33.    Denies the allegations contained in Paragraph 33.

34.    Defendant is currently without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 34 and therefore denies the same.

35.    Defendant is currently without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 35 and therefore denies the same.

36.     Defendant is currently without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 36 and therefore denies the same.

37.     Defendant admits that Plaintiff remains off work, but denies the remaining allegations contained in Paragraph 37.

38.     Defendant Union Pacific Railroad Company alleges it provided Plaintiff with a reasonably safe place to work and that it complied with all applicable law and standards; denies the remaining allegations contained in Paragraph 38, including subparts (a) through (d).

39.     Denies the allegations contained in Paragraph 39.

40.     Denies the allegations contained in Paragraph 40.

41.     Denies the allegations contained in Paragraph 41.

42.     Denies the allegations contained in Paragraph 42.

43.     Denies the allegations contained in Paragraph 43.

44.     Denies the allegations contained in Paragraph 44.

45.     Denies the allegations contained in Paragraph 45.

## SECOND CLAIM FOR RELIEF

46.     In response to the allegations set forth in the paragraph numbered 46 of the Amended Complaint, the Defendant restates and incorporates its answers, responses, and denials from Paragraphs 1-4 and Paragraphs 8-37 of the Amended Answer.

47.     Paragraph 47 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a further response is necessary, Defendant denies the remaining allegations of Paragraph 47 of the Amended Complaint.

48.     Paragraph 48 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a further response is necessary, Defendant denies the remaining allegations of Paragraph 48 of the Amended Complaint.

49.     Paragraph 49 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a further response is necessary, Defendant denies the remaining allegations of Paragraph 49 of the Amended Complaint.

50.     Paragraph 50 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a further response is necessary, Defendant denies the remaining allegations of Paragraph 50 of the Amended Complaint.

51.     Paragraph 51 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a further response is necessary, Defendant denies the remaining allegations of Paragraph 51 of the Amended Complaint.

52.     Defendant denies the allegations in Paragraph 52 of the Amended Complaint.

53.     Defendant admits that the Secretary of Labor did not issue a final decision within 210 days after the Plaintiff filed his FRSA Complaint with OSHA. Defendant is without knowledge or Information sufficient to form a reasonable belief about the truth of the remaining allegations in Paragraph 53 of the Amended Complaint.

54.     Defendant denies the allegations in Paragraph 54(a)-(ll).

55.     Defendant denies the allegations in Paragraph 55.

56.     Defendant denies the allegations in Paragraph 56.

## THIRD CLAIM FOR RELIEF

57.     In response to the allegations set forth in the paragraph numbered 57 of the Amended Complaint, the Defendant restates and incorporates its answers, responses, and denials from Paragraphs 1-4, Paragraphs 8-37, and Paragraphs 47-55 of the Amended Complaint.

58.     Paragraph 58 states a legal conclusion to which no response is required. To the extent a further response is necessary, Defendant denies the remaining allegations of Paragraph 58 of the Complaint.

59.     Paragraph 59 states a legal conclusion to which no response is required. To the extent a further response is necessary, Defendant denies the remaining allegations of Paragraph 59 of the Complaint.

60.     Paragraph 60 states a legal conclusion to which no response is required. To the extent a further response is necessary, Defendant denies the remaining allegations of Paragraph 60 of the Complaint.

61.     Paragraph 61 states a legal conclusion to which no response is required. To the extent a further response is necessary, Defendant denies the remaining allegations of Paragraph 61 of the Complaint.

62.     Defendant denies the allegations in Paragraph 62.

63.     Defendant denies the allegations in Paragraph 63.

64.     Defendant admits that the Secretary of Labor did not issue a final decision within 210 days after the Plaintiff filed his FRSA Complaint with OSHA. Defendant is without knowledge or Information sufficient to form a reasonable belief about the truth of the remaining allegations in Paragraph 64 of the Amended Complaint.

65.     Defendant denies the allegations in Paragraph 65(a)-(b).

66.     Defendant denies the allegations in Paragraph 66.

67.     Defendant denies Plaintiff is entitled to any remedies provided under 49 U.S.C., § 20109(e).

## **FOURTH CLAIM FOR RELIEF**

68.     In response to the allegations set forth in the paragraph numbered 68 of the Amended Complaint, the Defendant restates and incorporates its answers, responses, and denials from Paragraphs 1-4, Paragraphs 8-37, Paragraphs 47-55, and Paragraphs 58-67 of the Amended Complaint.

69.     Paragraph 69 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a further response is necessary, Defendant denies the remaining allegations of Paragraph 69 of the Amended Complaint.

70.     Paragraph 70 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a further response is necessary, Defendant denies the remaining allegations of Paragraph 70 of the Amended Complaint.

71.     Paragraph 71 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a further response is necessary, Defendant denies the remaining allegations of Paragraph 71 of the Amended Complaint.

72.     Defendant denies the allegations in Paragraph 72.

73.     Defendant denies the allegations in Paragraph 73.

74.     Defendant denies the allegations in the unnumbered paragraphs that followed Paragraphs 45, 56, 67, and 73 of the Amended Complaint.

75.     Defendant denies each and every other allegation of Plaintiff's amended complaint, except for those specifically admitted and those which may constitute admissions against the interests of Plaintiff.

## AFFIRMATIVE DEFENSES

76.     Defendant Union Pacific alleges that any injury, damage and loss claimed by Plaintiff was not the result of any negligence, act or omission or carelessness on the part of this Defendant, but may have been due to the negligence and carelessness of the Plaintiff, which may have been the sole cause or contributing cause of any and all alleged damage, loss and injury of which Plaintiff complains.

77.     Defendant alleges that the Plaintiff has failed to take reasonable steps to mitigate his alleged injuries and damages.

78.     Defendant alleges that Plaintiff's injuries, to the extent any exist, were caused in whole or in part by preexisting conditions or other contributory or concurrent conditions or factors, including event occurring prior or subsequent to the occurrence made the basis of Plaintiff's claim against this Defendant.

79.     Defendant alleges that sick pay, medical bills, supplemental benefits, settlement and/or Railroad Retirement Benefits may have been paid to, or on behalf of Plaintiff, so this Defendant may be entitled to a setoff.

80.     Plaintiff's claims are barred because he acquiesced, ratified, participated in, and/or consented to all of the alleged acts attributed to Defendant.

81.     Plaintiff's claim fails, in whole or in part, because he did not engage in a protected activity.

82.     Any and all actions Defendant took with respect to Plaintiff were for legitimate, non-discriminatory reasons, not because of any alleged protected activity under 49 U.S.C., § 20109, by Plaintiff.

83.     Plaintiff's claims fail, in whole or in part, because Plaintiff does not allege circumstances sufficient to raise the inference that his alleged protected activity was a contributory factor to any adverse employment action by Defendant.

84.     To the extent Plaintiff seeks to pursue claims based upon acts that occurred more than 180 days before the filing of the Complaint with OSHA, those claims are time-barred, in whole or in part, by the applicable statute of limitations.

85.     Plaintiff's claim for punitive damages is barred, in whole or in part, by the Constitution of the United States and Constitution of the State of Nebraska.

86.     Plaintiff is not entitled to punitive damages, because Defendant did not act with reckless or callous disregard of Plaintiff's rights under the Federal Rail Safety Act.

87.    Defendant cannot be held liable for any punitive damages caused by any alleged violations of its employees or managers to the extent that those employees or managers acted contrary to Defendant's policies and procedures related to the reporting of personal injuries, obtaining prompt medical treatment upon request, and Defendant's anti-retaliation rules.

88.    Defendant states that it may have additional affirmative defenses or claims available of which it is not currently aware. Defendant reserves the right to assert additional defenses, cross-claims, counterclaims, or third-party claims that may be revealed through discovery.

WHEREFORE, having fully answered the allegations of Plaintiff's amended complaint, Defendant Union Pacific Railroad Company prays for judgment in its favor and that Plaintiff's cause of action be dismissed with prejudice, that Defendant be awarded its costs and fees herein expended, along with such other and further relief as the Court shall deem just and equitable.

UNION PACIFIC RAILROAD COMPANY,
Defendant,

BY:    */s/ David J. Schmitt*
William M. Lamson, Jr., #12374
David J. Schmitt, #19123
LAMSON, DUGAN & MURRAY, LLP
10306 Regency Parkway Drive
Omaha, NE  68114
(402) 397-7300 = Telephone
(402) 397-7824 = Facsimile

and

*/s/ Torry N. Garland*
Torry N. Garland, #21624
Union Pacific Railroad Company
1400 West 52nd Avenue
Denver, CO 80221
(303) 405-5402
(303) 405-5413 – Facsimile

ITS ATTORNEYS

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2016, I electronically filed the foregoing Answer to Amended Complaint with the Clerk of the Court using the CM/ECF system which sent notification of such filing to James L. Cox, Jr. and there are no participants to send the foregoing document to by United States Postal Service.

*/s/ David J. Schmitt* _____

631141