# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **GUILLERMO HERRERA III,** | 8:15-cv-426-JMG-CRZ |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| **UNION PACIFIC RAILROAD COMPANY**, | |
| Defendant. | |

IT IS ORDERED that the training disclosed by Defendant Union Pacific Railroad Company ("Union Pacific") and marked "Produced Pursuant to Protective Order" be governed by Federal Rule 26(c)(g) as follows:

1. Plaintiff and Counsel of Record for Plaintiff agree that anyone working in their offices on the subject matter will familiarize themselves with the terms of this Protective Order, and be instructed that they are bound by the Order just as Plaintiff and Counsel of Record for Plaintiff are bound by the Order.

2. Union Pacific will provide copies of the subject training requested in Plaintiff's discovery entitled, "Leveraging Leader Standard WO" (OPLEAD) and "The UP Way Intermediate – LEA" (UPILSW), for use by Counsel of Record, consultants, and experts.

3. The subject training and the substance of any information obtained therein, are not to be disseminated by Counsel of Record, their agents, employees, consultants, experts or any other individuals associated in this lawsuit except as provided below.

4. a. Nothing herein shall prevent the exhibition of the subject training to persons bound by the terms of this Order. The requirement of such written agreement may be satisfied by obtaining the signature of any such consultant or expert on a copy of this Order, having first explained the contents thereof to such person.

      b.      Counsel of record shall maintain a list of the names of all persons to whom the confidential information is disclosed. This provision will not apply to such notes, or memoranda, prepared by or for Counsel of Record in this action.

      c.      Such persons shall, by reviewing the training and signing a copy of the Order, agree to jurisdiction of this Court over their person for the purpose of any action seeking to enforce the terms and conditions of this Order or any action for contempt for violation of the terms of this Order.

5.    a.      At any time prior to final judgment, Counsel of Record may file a request to lift the subject training from this Protective Order.

      b.      If there is no agreement, either side may request a hearing in order that the issue of the Protective Order as to the subject training may be resolved.

      c.      The confidential status of all matters shall be permanent except with regard to those items requested by Counsel of Record to be lifted from the Protective Order. With regard to such items, the same shall be accorded confidential status unless and until such time as the Court rules on Counsel of Records' request to lift the Protective Order and, thereafter, if the Court so orders.

6.    Plaintiff and his Counsel of Record, consultants and/or experts shall not advertise that they have confidential information obtained from Union Pacific through discovery in this case, and which is subject to this Order whether described specifically or generally. Neither the training covered by this Order nor the substantive information contained therein shall be disclosed in any publication or oral presentation by Plaintiff or his Counsel of Record, consultants, and/or experts. Consistent with the provisions of Paragraph 5, nothing in this paragraph shall be construed to prevent Counsel of Record from filing a request to lift the training from this Protective Order.

7.    This Order does not affect any party's ability to object to the admissibility of any of the training at trial on relevance or other grounds. Further, Union Pacific shall retain all rights available to it under applicable Nebraska or federal law in the event of any inadvertent waiver.

8.  Counsel of record agrees to return all copies of the training to Union Pacific within thirty (30) days upon entry of a final judgment or dismissal order in this case.

November 19, 2016.

BY THE COURT:

_____
Cheryl R. Zwart
United States Magistrate Judge