IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GUILLERMO HERRERA III, | |
| Plaintiff, | 8:15CV426 |
| vs. | |
| UNION PACIFIC RAILROAD COMPANY, a Delaware corporation; | ORDER |
| Defendant. | |

Plaintiff's FELA complaint alleges he suffered heat exhaustion and a cerebellar stroke while working for the railroad on July 26, 2015. Plaintiff has now moved to extend the deadline for filing the medical causation expert report of Francis G. O'Connor, M. D. (Filing No. 72). Plaintiff refers to Dr. O'Connor as a proposed rebuttal expert whose report, under the court's scheduling order, was due on or before November 30, 2016.

The deadlines within a final progression order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A party who moves to extend a court-ordered case progression deadline must show good cause to modify the schedule. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008)(quoting Popoalii v. Corr. Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008)). "The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements . . . Our cases reviewing Rule 16(b) rulings focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order." Harris v. FedEx Nat. LTL, Inc., 760 F.3d 780, 786 (8th Cir. 2014). If due diligence is shown, the movant must then show prejudice will result if the requested continuance is denied. Sherman, 532 F.3d at 716.

Plaintiff's motion to extend the rebuttal expert deadline was filed on the date the rebuttal disclosure itself was due. As defined in the Federal Rules, rebuttal experts are

experts who present evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2) (B) or (C)." Fed. R. Civ. P. 26(a)(2)(D)(ii).

> Rebuttal expert testimony must relate to and rebut evidence or testimony on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C). Such evidence is not tied to any particular witness; it is tied to whether the party with the affirmative burden has presented evidence and/or testimony from a duly disclosed expert on the same subject matter as that which will be rebutted by the disclosed rebuttal expert.

Bleck v. City of Alamosa, Colo., 2012 WL 695138, *4 (D. Colo. March 5, 2012); see also Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Systems, Inc., 2005 WL 1459572, *2 (N.D. Cal. June 21, 2005)("Plaintiffs will have an opportunity to respond to Defendants' expert reports in their rebuttal reports, including theories relied upon by Defendants['] experts with respect to their affirmative defenses.").

If permitted to testify, Dr. O'Connor would provide opinion testimony on the issue of whether Plaintiff's exposure to hot environmental temperatures and heavy exertion caused him to suffer a right cerebellar stroke. This medical causation issue has been relevant, and Plaintiff's burden to prove, from the outset of this case. As such, Dr. O'Connor's opinions are buttressing the opinions disclosed by Plaintiff's treating physician, Bennett Machanic, M.D., as to an essential element of Plaintiff's case. Dr. O'Connor is not offered to rebut a reasonably unforeseen issue raised by Defendant's expert, or to respond to expert testimony on any affirmative defense raised by Defendant. As such, Dr. O'Connor's opinions are offered to reinforce the opinions of Plaintiff's already disclosed medical expert, not to rebut Defendant's responsive medical expert.

Perhaps Plaintiff is arguing that Dr. O'Connor's disclosure should be permitted as supplemental expert testimony. Although parties are permitted to supplement expert

disclosures, Leviton Mfg. Co., Inc. v. Nicor, Inc., 245 F.R.D. 524, 528 (D.N.M. 2007) (citing Beller v. United States, 221 F.R.D. 696, 701 (D.N.M. 2003)),

> A supplemental expert report that states additional opinions or rationales or seeks to "strengthen" or "deepen" opinions expressed in the original expert report exceeds the bounds of permissible supplementation and is subject to exclusion under Rule 37(c)(1). "To rule otherwise would create a system where preliminary [expert] reports could be followed by supplementary reports and there would be no finality to expert reports, as each side, in order to buttress its case or position, could 'supplement' existing reports and modify opinions previously given. This result would be the antithesis of the full expert disclosure requirements stated in Rule 26(a).

Cook v. Rockwell Int'l Corp., 580 F. Supp. 2d 1071, 1169 (D. Colo. 2006).

The court finds that Dr. O'Connor's proposed expert testimony is not rebuttal testimony, but rather testimony offered to buttress the opinions of Plaintiff's timely disclosed medical causation expert. Dr. O'Connor would provide additional medical expert testimony on an essential element of Plaintiff's FELA claim. Plaintiff has failed to show good cause for extending the court's case progression deadlines to permit disclosure of an additional medical causation expert—either in terms of due diligence by Plaintiff, or resulting prejudice to Plaintiff if the motion to continue is denied.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Extend Time for Plaintiff to File Rebuttal Expert Reports, (Filing No. 72), is denied.

December 14, 2016.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge