IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GUILLERMO HERRERA III, | | |
| Plaintiff, | | **8:15CV426** |
| vs. | | |
| UNION PACIFIC RAILROAD COMPANY, a Delaware corporation; | | **MEMORANDUM AND ORDER** |
| Defendant. | | |

This matter is before the court on Defendant Union Pacific Railroad's Motion to Compel, (Filing No. 90).  For the reasons discussed below, the motion will be denied.  Defendant's request for further relief is denied without prejudice to refiling.

BACKGROUND

Plaintiff Guillermo Herrera III filed this action alleging he was injured from heat exposure on July 26, 2015.  A representative of Plaintiff's attorney - investigator K. Sean Dillon – interviewed Union Pacific employees Logan Newman, Dennis Dickison, Jeremy M. Marsing, and Branden H. Bradley.  The interviews were audio-recorded by Dillon.  Dillon then prepared a narrative summary of the respective interviews and presented a copy of the summary to each witness for the witness' review and signature.  The employee witnesses were allowed to make corrections to their narrative summaries.  However, Defendant alleges the Union Pacific employee witnesses were not provided with a full transcript of their respective statements prior to reviewing and signing their narrative summaries.

Each of the four Union Pacific employee witnesses were deposed.  At the depositions, Plaintiff's counsel provided each deponent with his signed narrative statement and referred to the deponent's statement throughout the course of the

deposition. Counsel for the defendant had not seen the statements prior to the depositions. Defendant moved for the production of the original audio recordings of the interviews with each of the Union Pacific employees. Plaintiff asserts the audio recordings are protected by the work product doctrine and Defendant has not shown it cannot, without undue hardship, obtain the substantial equivalent to the recordings by other means.

Additionally, Plaintiff has now revealed that the original audio recordings no longer exist. That is, counsel states they were inadvertently deleted off of the phone of the investigator who completed the interviews on behalf of Plaintiff. In light of this information, Defendant seeks an order forbidding Plaintiff from using the statements as evidence or as a means of refreshing the respective witness' recollection. Defendant also seeks an order striking those deposition portions for which the the Union Pacific employee or Plaintiff's counsel relied upon the written statements.

ANALYSIS

Under the work product doctrine "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). "There are two kinds of work product – ordinary work product and opinion work product." Baker v. General Motors Corp., 209 F.3d 1051, 1054 (8th Cir. 2000). Ordinary work product consists of factual information. Id. Opinion work product includes an attorney's mental impressions and legal theories of the case. Id. The court may order production of ordinary work product if the party seeking the information demonstrates a substantial need for the materials and the inability to obtain the information without undue hardship. Id. But opinion work product "enjoys almost absolute immunity and can be discovered only in very rare and extraordinary circumstances, such as when the material demonstrates that an attorney engaged in illegal conduct or fraud." Id.

Even if unable to show of substantial need and undue hardship, a party may be entitled to the opposing party's work product if counsel has waived the protection. In <u>Pittman v. Frazer</u>, the 8th Circuit explained:

> If documents otherwise protected by the work-product rule have been disclosed to others with an actual intention that an opposing party may see the documents, the party who made the disclosure should not subsequently be able to claim protection for the documents as work product. But disclosure of some documents does not destroy work product protection for other documents of the same character.

<u>Pittman, 129 F.3d 983, 988 (8th Cir. 1997)</u>(quoting Wright & Miller § 2204 at 209).

If an intentional disclosure of work product is made, the protection is made as to other undisclosed communication or information only if (1) the waiver was intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together." Fed. R. Cic. P 502(a);  <u>Schwarz v. City of Treasure Island, case no. 8:05cv1696, 2010 WL 11474978 at *1 (M.D. Fla., October 13, 2010)</u>.

Union Pacific demands production of the audio recording underlying the written summaries, explaining it has a substantial need for the recordings and Plaintiff waived any work product protection by providing the interview summaries to the witnesses for reference during their depositions.  Plaintiff argues Defendant has full access to the witnesses and could interview them at any time, particularly since they are all Union Pacific employees.  Plaintiff does not address the work product waiver argument.

Here, by openly using the interview summaries at the depositions, Plaintiff voluntarily disclosed contents of his interview with the Union Pacific employee witnesses. To the extent those summaries are work product, Plaintiff voluntarily

waived that protection.  The more difficult question is whether as to the underlying audio recordings, the work product protection has also been waived.

Under ordinary circumstances the court would conduct an in camera review of the audio recordings to determine what, if any, work product protection attached to the questions and the witnesses' respective answers.  See, e.g., The Manitowac Company, Inc. v. Kachmer et al., case no. 14cv9271, 2016 WL 2644857 at *3-4 (N.D. Ill. May 10, 2016)(ordering disclosure of raw audio of witness interviews only after conducting an in camera review to determine the contents of the questions and answers).  However, the raw audio in this case was deleted by Plaintiff's representative and it cannot be reviewed by the court.

Assuming the witnesses' answers contained nothing more than a factual recitation of the events, the audio recorded answers would likely be subject to disclosure.  See, e.g., Schipp v. General Motors Corp., 457 F. Supp. 2d 917, 924 (E.D. Ark. 2006) (finding "verbatim non-party witness statements" must be produced). But without hearing the audio or reviewing a transcript of the interview, the court cannot determine whether Plaintiff's counsel's questions would be subject to the work product waiver.  Counsel's questions of witnesses are often inexorably intertwined with his thought process and mental impressions, pushing that information into the category of opinion work product – which enjoys almost absolute immunity. Baker, 209 F.3d at 1054, Frank v. L.L. Bean, Inc., case no. 04cv221, 2005 WL 2177062 at *1 (D. Me., Sept. 8, 2005)  But the court is in no position to decide if counsel's questions contain opinion work product absent access to the audio recording.

Since the audio recordings no longer exist, the court must determine what, if any, remedy is appropriate at this stage in the litigation.[1] Defendant has requested the following:

(1)     Strike all deposition testimony of witnesses Logan Newman, Jeremy Marsing, Dennis Dickison, and Braden Bradley that references, relates to, or results from their recorded statements or narrative summaries and questioning by plaintiff's counsel, including all testimony cited by defendant in its Brief in Support of its Motion to Compel.

(2)     Prohibit all use of the narrative summaries in this litigation.

(3)     Prohibit counsel for Plaintiff from refreshing the witnesses' recollection in future testimony or at trial through the use of the narrative summaries, prior depositions, or recorded statements.

(Filing No. 96 at CM/ECF pp. 6-7).   The court declines to award these extreme remedies at this time.

The witnesses each testified at their respective depositions that they had a chance to review the narrative summaries, make changes to them, and affirm that the statements were "true to the best of [their] knowledge" and they offered no changes at their depositions.  (Filing No. 94-1 at CM/ECF p. 3; Filing No. 94-3 at CM/ECF p.4; Filing No. 94-6 at CM/ECF p.3; Filing No. 94-7 at CM/ECF p. 3).  Thus, to the extent Defendant is concerned Plaintiff's counsel or his representative somehow mischaracterized or influenced the witness' testimony, the witnesses have confirmed that the statement summaries are accurate.

As Plaintiff notes, all the witnesses are Union Pacific employees and are presumably available to be interviewed by Defendant outside the presence of

---

[1] Defendant's request for relief is included in its reply brief after it learned the audio recordings are no longer available.

Plaintiff's counsel and, if counsel dictates, without their signed statements in front of them. Defendant can explore whatever topics it deems appropriate and can seek to verify and/or refute the witness' previous recollection of the events. In addition, Defendant had the opportunity to cross-exam each of the witnesses during their respective depositions to further inquire if the statements were accurate or about the specific word choice in the statement summaries.

The Defendant seeks the audio recordings to determine in what manner, if any, Plaintiff's representative's questions may have impacted the witness' answers. By seeking this information, Defendant may be seeking the mental impressions and thought processes of the questioner, which clearly falls into the category of opinion work product. Even if the raw audio were still available, the court has serious questions about whether Defendant would be granted access to the questions asked by Plaintiff's counsel's representative during the interview. See, e.g., Frank, 2005 WL 2177062 at *1. (drawing the distinction between a witness' narrative statement and the questions posed by an attorney in preparation for trial in denying a motion to compel an unredacted copy of a witness interview transcript).

Finally, the vast majority of the Defendant's objections to using the narrative summaries and its proposed remedies are evidentiary objections best raised in motions in limine or at trial. For instance, its objections that the narratives are not the best evidence, that Plaintiff's counsel impermissibly led the witnesses during their depositions, or that they should not be allowed to refresh the witness' recollection can and should be made prior to or during the trial. Absent context on how the deposition testimony and summaries themselves will be used during the trial, the court is unwilling to grant Defendant's proposed remedies at this time. However, this denial is without prejudice to Defendant seeking similar relief before or during the trial.

Accordingly,

IT IS ORDERED,

1) Defendant's motion to compel, (Filing No. 90) is denied.

2) Defendant's request for remedies is denied without prejudice to refiling at a later date.

3) The telephonic conference scheduled for April 25, 2017 at 10:00 a.m. is cancelled. If counsel need to confer with the court on any case progression or scheduling matter, they can contact my chambers and set a conference call.

4) Plaintiff's motion for leave to supplement the record, (Filing No. 97), is denied.

Dated this 24th day of April, 2017.

BY THE COURT:
*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.