IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
AT OMAHA, NEBRASKA

| | | |
|---|---|---|
| GUILLERMO HERRERA, III, | ) | Case No.:  8:15-cv-426-JMG-CRZ |
| | ) | |
| Plaintiff, | ) | |
| | ) | **BRIEF IN SUPPORT OF** |
| vs. | ) | **PLAINTIFF'S MOTION FOR** |
| | ) | **PARTIAL SUMMARY JUDGMENT** |
| UNION PACIFIC RAILROAD COMPANY, a | ) | **(VIOLATION OF 49 C.F.R. § 225.33,** |
| Delaware corporation, | ) | **49 C.F.R. § 225.33(a)(1))** |
| | ) | |
| Defendant. | ) | |

COMES NOW Plaintiff, Guillermo Herrera, III, by and through his attorney, James L. Cox, Jr., of BRENT COON & ASSOCIATES, PC, and submits this Brief in support of his motion for partial summary judgment and a determination as a matter of law that Defendant, Union Pacific Railroad, through UPRR Steel Gang Supervisor Carlos Diaz, violated the Internal Control Plan of the Union Pacific Railroad mandated by the Department of Transportation, Federal Railroad Administration, at 49 C.F.R. Part 225.33(a)(1).

## INTRODUCTION

49 C.F.R. Part 225 – Railroad Accidents/Incidents: Reports Classification, and Investigations, at § 225.1, Purpose, states:

> "The purpose of this part is to provide the Federal Railroad Administration with accurate information concerning the hazards and risks that exist on the Nation's railroads. FRA needs this information to effectively carry out its regulatory responsibilities under 49 U.S.C. chapters 201–213. FRA also uses this information for determining comparative trends of railroad safety and to develop hazard elimination and risk reduction programs that focus on preventing railroad injuries and accidents."

Section 225.33 – Internal Control Plans, states:

> "(a) Each railroad shall adopt and comply with a written Internal Control Plan that shall be maintained at the  office where the railroad's reporting officer conducts his or her official business. …The Internal Control Plan shall be designed to

maintain absolute accuracy and shall include, at a minimum, each of the following components:

"(1) A policy statement declaring the railroad's commitment to complete and accurate reporting of all … injuries … arising from the operation of the railroad, to full compliance with the letter and spirit of FRA's accident reporting regulations, and to the principle, in absolute terms, that harassment or intimidation of any person that is calculated to discourage or prevent such person from receiving proper medical treatment … will not be permitted or tolerated and will result in some stated disciplinary action against any employee, supervisor, manager, or officer of the railroad committing such harassment or intimidation."

The Department of Transportation, Federal Railroad Administration, in a Notice of Interpretation published in the Federal Register, Vol. 74, No. 59 / Monday, May 30, 2009 / Rules and Regulations (attached as **Exhibit 1**), stated under "A. General Principle": "Harassment and intimidation occur in violation of 225.33(a)(1) when a railroad supervisor accompanies an injured employee into an examination room…." (The Interpretation provides for two exceptions, neither of which are pertinent here:  Plaintiff did not voluntarily invite Mr. Diaz to accompany him in the examination room, and Plaintiff, although in and out of consciousness, was able to effectively communicate material information to the physician at the emergency room to which he was admitted.)[1]

## I.     STATEMENT OF UNDISPUTED MATERIAL FACTS

1.     On February 27, 2009, Dennis Duffy, the Executive Vice President of Operating Department for the Union Pacific Railroad, issued a memo to All Operating Department Management Employees providing guidance to the defendant's managers regarding the Rail Safety Act of 2008, instructing Defendant's management employees:

"(3)   When an employee is taken for medical care, do not try to direct or influence the

---

[1] For context, the court and counsel's attention is directed to the Statement of Undisputed Material Facts in Plaintiff's Motion for Partial Summary Judgment (Second Claim for Relief) (Doc. #106), previously filed herein.

employee or the medical professionals as to the type of treatment the employee should received. <u>Do not enter the examination/treatment room without being invited to do so by the employee.</u>" (*See* **Exhibit 50** to Rowe Depo.)

2. On the second page of Exhibit 50, Mr. Duffy instructs its managers under UPRR Comment:

> "The FRA takes the position that the very <u>presence of an employee's manger in the treatment room</u> at a medical facility may constitute interference with medical treatment unless the employee either specifically requests or consents to the manager's presence."

3. On February 28, 2013, Lance Fritz, an Officer of the Union Pacific Railroad, sent out an identical memorandum to All Operating Department Management Employees, except separating into paragraphs the similar mandate:

> "(3)  When an employee is taken for medical care, do not try to direct or influence the employee or the medical professionals as to the type of treatment the employee should receive.
>
> "(4)  Do not enter the examination or treatment room unless specifically invited to do so by the employee."

Mr. Fritz again reminds the managers that:

> "The FRA takes the position that the very <u>presence of an employee's manger in the examination or treatment room</u> at a medical facility <u>may constitute interference with medical treatment</u> unless the employee either specifically requests the manager's presence."

*See* **Exhibit 52** to Rowe Depo.

4. Cameron Scott, Executive Vice President of Operations, in a memo to All Operating Department Management Employees on May 29, 2015, reminded his employees again of the UP's policies providing "guidance regarding UP's longstanding policy and practice of no interference with an employee's medical care…." *See* **Exhibit 53** to Rowe Depo.

5. 49 C.F.R. § 225.33 is a regulation enacted for the safety of Union Pacific Railroad

3

employees, including Guillermo Herrera.  (**Exhibit 23**, Gavalla Depo., 118:7-20.)

6. Brian Rowe is the Union Pacific Railroad's 30(b)(6) witness as it relates to 20109(c)(1) and Defendant's related documents, including its Internal Control Plan (ICP).)  *See* Amended Notice to Take F.R.C.P. 30(b)(6) Video Preservation Deposition (**Exhibit 46**, Rowe Depo.)

7. If a manager or supervisor entered the examination or treatment room without being invited to do so by the employee, it would be a violation of Mr. Duffy's instructions in his memo.  (**Exhibit 25,**  Rowe Depo., 36:11-17.)

8. When Carlos Diaz drove Plaintiff from the UP job briefing site in Onaga, Kansas to the emergency room at the community hospital in Onaga, Mr. Diaz went into the room in which Plaintiff was being treated in the emergency room.  He stood at the door inside the room.  Mr. Diaz was there the whole time.  (**Exhibit 31**, Diaz Depo., 18:5-19:7.)  Mr. Diaz was there at the hospital the whole time. (*Id.*, 22:10-15.)

9. In the medical record at Community HealthCare System, the hospital in Onaga, a dictation by the physician treating Plaintiff, John Kelley, M.D., summarized Plaintiff's treatment and then states, "The supervisor is with him the whole time and is aware of this and will assist in monitoring how he progresses."  (*Id.*, Diaz Depo., 36:9-37:12.)

10. Mr. Diaz never talked with Plaintiff about whether or not it was okay for Mr. Diaz to be in the room with him.  (*Id.*, Diaz Depo., 56:17-57:6.)

11. Mr. Diaz never had a conversation with Plaintiff asking him whether it was okay for him to be there.  (*Id.*, Diaz Depo., 57:8-13.)

12. Plaintiff never consented to Mr. Diaz being present in the room. (*Id.*, Diaz Depo., 61:9-17.)

13. Mr. Herrera never asked Mr. Diaz to stay with him. (*Id.*, Diaz Depo., 61:19-24.)

## SUMMARY JUDGMENT STANDARDS

A motion for summary judgment shall be granted by the court when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Fed. R. Civ. P. 56(c).* A material fact is one that might affect the outcome of a suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists when there is sufficient evidence favoring the party opposing the motion for a jury to return a verdict for that party. *Id.* In considering a motion for summary judgment, the evidence is to be viewed in a light most favorable to the non-moving party, giving that party the benefit of all favorable inferences which may be reasonably drawn from that evidence. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970).

If the moving party meets the initial burden of establishing the nonexistence of a genuine issue of material fact, then the burden shits to the nonmoving party to produce evidence of the existence of a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The nonmoving party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment," *Anderson*, 477 U.S. at 257, and "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial," Id. at 256 (citing Federal Rule of Civil Procedure 56(e)). The inquiry is to determine whether there is a need for trial on the issue. *Anderson*, 477 U.S. at 250.

## ARGUMENT

The Department of Transportation, through the Federal Railroad Administration, mandates through 49 C.F.R. § 225.33 that the Union Pacific Railroad adopt and comply with a written Internal Control Plan that contains a policy statement declaring the railroad's

commitment to complete and accurate reporting of all injuries arising from the operation of the railroad, and to the principle, in absolute terms, that harassment or intimidation of any person that is calculated to discourage or prevent such person from receiving proper medical treatment will not be permitted or tolerated.

The Union Pacific Railroad, in three separate memos -- from Vice President Duffy, Vice President Fritz, and Vice President Smith -- reminded Defendant's managers of the requirement, and <u>specifically</u> reminded its managers that the FRA takes the position that the very presence of an employee's manager in the examination or treatment room at a medical facility may constitute interference with medical treatment unless the employee specifically requests the manager's presence.

It is undisputed that Mr. Diaz was in the examination or treatment room in the emergency room at the Onaga community hospital with Plaintiff, without his consent, without his permission, without his invitation, without his request.

The Department of Transportation, through the Federal Railroad Administration in its Notice of Interpretation in March 2009, specifically enumerated that harassment and intimidation in violation of 225.33(a)(1) occurs when a railroad supervisor accompanies an injured employee into the examination room.

It is without debate that the exceptions to this general principle are not pertinent here.

ACCORDINGLY, a finding as a matter of law that Defendant, through its supervisor Carlos Diaz, violated the provisions of Union Pacific Railroad's Internal Control Plan as mandated by 49 C.F.R. § 225.33(a)(1), is appropriate.

Respectfully submitted this 26th day of May, 2016.

        s/James L. Cox, Jr.
        James L. Cox, Jr., Nebraska Bar #20223
        Attorney for Plaintiff
        BRENT COON & ASSOCIATES, PC
        3801 E. Florida Ave., Suite 905
        Denver, CO 80210-2500
        Telephone: (303) 756-3243
        Fax: (303) 756-3595
        jim.cox@bcoonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of May, 2017, the foregoing **BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (VIOLATION OF 49 C.F.R. § 225.33, 49 C.F.R. § 225.33(a)(1))** was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| William M. Lamson, Jr., Esq. | Torry N. Garland, Esq. |
| David J. Schmitt, Esq. | Union Pacific Railroad Company |
| LAMSON, DUGAN & MURRAY, LLP | 1400 West 52nd Avenue |
| 10306 Regency Pkwy. Dr. | Denver, CO 80221 |
| Omaha, NE 68114 | tngarlan@up.com |
| wlamson@ldmlaw.com | |
| dschmitt@ldmlaw.com | |

        s/James L. Cox, Jr.
        James L. Cox, Jr.