TO: All Operating Department Management Employees

FROM: Lance Fritz

DATE: February 28, 2013

SUBJECT: Employee Personal Injury Response

In the majority of cases, employee personal injury response is handled correctly by management. From time to time we have questions about proper handling and in some isolated cases with regard to medical care. The FRA reporting regulations and the FRA's interpretation and application of these regulations specify how managers must handle on-duty employee personal injury cases and medical treatment. To ensure compliance, I am providing some basic procedural guidelines below:

(1) When an employee is injured, the first priority is to ensure that the employee receives the necessary medical attention, without delay. If transportation to a hospital is requested the manager shall arrange transportation to the nearest hospital where the employee can receive appropriate medical care.

(2) Any harassment or intimidation of an employee to prevent reporting of the injury is forbidden. In all cases, proper reporting procedures will be followed. Any time an employee asks for a personal injury form (Form 52032), one will be provided. Do not try to direct or influence the employee as to the type of injury/illness being reported or the severity of the injury/illness being reported.

(3) When an employee is taken for medical care, do not try to direct or influence the employee or the medical professionals as to the type of treatment the employee should receive.

(4) Do not enter the examination or treatment room unless specifically invited to do so by the employee.

(5) When an employee injured on duty requires medical attention, immediately contact the local claims representative who can help facilitate appropriate medical care.

**THE SAFETY AND HEALTH OF UNION PACIFIC EMPLOYEES IS PARAMOUNT. ANY MANAGER OR SUPERVISOR WHO CONSCIOUSLY JEOPARDIZES AN INJURED EMPLOYEE'S ABILITY TO PROPERLY REPORT THE INJURY OR OCCUPATIONAL ILLNESS OR TO OBTAIN APPROPRIATE MEDICAL CARE WILL BE SUBJECT TO DISCIPLINE UP TO AND INCLUDING DISMISSAL.**

The attached documents contain some pertinent quotations from the current FRA Reporting Guidelines along with explanatory comments by UP Reporting Personnel.

Also attached is UP's Policy Statement and Complaint Procedures for harassment and intimidation relating to reporting personal injuries and occupational illnesses. This Policy must be posted and available to employees.

If you have any questions regarding this policy, contact your Supervisor, your Regional or Department Compliance Manager, or Brian Rowe in the Reporting Compliance group at 544-0432 for clarification.

EXHIBIT 52
10-19-16 78f

Direct Quotations from FRA Reporting Guide and UPRR Comments

**FRA Reporting Guide – June 2011**
**Page 11 -** *1.2.9 Internal Control Plan (ICP)*
The ICP addresses intimidation and harassment of any person calculated to prevent or discourage such person from either receiving proper medical treatment for an injury/illness or from reporting an accident, incident, illness, or injury. FRA is aware that many railroad employees fail to disclose their injuries to the railroad or fail to accept reportable treatment from a physician because they wish to avoid potential harassment from management or possible discipline that is sometimes associated with the reporting of such injuries. FRA is also aware that in some instances, supervisory personnel and mid-level managers are urged to engage in practices that may undermine or circumvent the reporting of injuries and illnesses. Railroads must remain proactive in accurate reporting of all reportable accidents, injuries, and illnesses, and must not engage in practices that could manipulate reportability of these incidents. In some instances, railroads report an injury or illness to FRA only after FRA inspectors make management aware that a particular injury or illness was not reported. Many times, FRA inspectors conduct an investigation pursuant to a complaint from an employee alleging that his or her injury/illness was not properly reported or was not reported at all. Again, the railroad usually reports this injury/illness to FRA only after FRA informs management of the situation.

**UPRR Comment:** *The FRA has expanded their interpretation of what constitutes harassment and intimidation and/or interfering with medical treatment. Specifically, the FRA considers virtually ANY discussion of medical treatment options or the elements of Personal Injury reportability with an employee or treating physician, to be interference with medical treatment. The FRA takes the position that the very* <u>*presence of an employee's manager in the examination or treatment room*</u> *at a medical facility* <u>*may constitute interference with medical treatment*</u> *unless the employee specifically requests the manager's presence. The rationale is that the employee might not answer questions candidly or fully disclose needed information to the treating physician due to embarrassment or fear of recrimination from the manger. Absent full and candid information, the treating physician might not make the best choices regarding the employee's treatment.*

*The ICP referenced above is the UPRR Policy Statement and Complaint Procedures document that should be posted at all locations where employees report to work. Our policy statement and the FRA statement above make it clear that the harassment or intimidation of and discussions with any person that is intended to discourage a person from reporting a personal injury/illness or from receiving proper medical treatment is forbidden.*

**FRA Reporting Guide – June 2011**
*Page 13 - 1.3.5 Penalties*
Any person (including a railroad and any manager, supervisor, official, or other employee or agent of a railroad) who violates any requirement of Part 225 or causes the violation of any such requirement is subject to a civil penalty. The person may also be subject to criminal penalties.

FRA may issue these civil penalties pursuant to 49 U.S.C. §§ 21301, 21302, and 21304. Also see Appendix A to Part 209 of the CFR for other sanctions. Criminal penalties and/or imprisonment provided for in 49 U.S.C. § 21311 may also be imposed on any individual who knowingly and willfully makes a false entry in a record or report required by the accident reporting regulations or other regulations issued under 49 U.S.C. chapter 201; who destroys, mutilates, changes, or falsifies such a record or report; who does not enter required specified facts in a such record or report; who makes or preserves such a record or report in violation of such a regulation or order; or who files a false record or report with FRA. FRA wants to make clear to all railroads that the agency will be diligent in its efforts to ensure that all parties adhere to and comply with the intimidation and harassment policy in the ICP. It should be noted that FRA will be aggressive in pursuing enforcement sanctions against any person found to be in violation of the railroad's harassment and intimidation policy.

**UPRR Comment:** *There are criminal and civil penalties for failure to comply with these regulations pertaining to safety reporting. This includes all areas of safety reporting, including personal injury/illness, rail equipment accidents, and highway-rail grade crossing accidents.*

UP Herrera   00562

# UNION PACIFIC RAILROAD COMPANY
## ACCIDENT, INCIDENT, INJURY, ILLNESS REPORTING

Effective:  January 01, 1997
Revised:  September 1, 2007

## POLICY STATEMENT

Union Pacific Railroad is committed to complete and accurate reporting of all accidents, incidents, injuries, and occupational illnesses arising from the operation of the railroad.  This includes compliance with Company, Federal Railroad Administration, and other regulatory agency reporting requirements.  Union Pacific will not tolerate harassment or intimidation of any person that is calculated to discourage or prevent such person from receiving proper medical treatment or from reporting an accident, incident, injury, or illness.  Persons who report alleged violations of this policy are also protected from harassment or intimidation.  Disciplinary action, as provided in applicable collective bargaining agreements or in the Union Pacific Guidelines on Ethics and Business Conduct, will be taken against any employee, including supervisors, managers, or officers of the Company, who commit such harassment or intimidation.

## COMPLAINT PROCEDURES

Following are the steps for addressing alleged violations of Union Pacific Railroad's harassment and intimidation policy related to reporting accidents, incidents, injuries and illnesses:

Step 1   Any alleged violation of the Accident, Incident, Injury, and Illness Reporting Policy must be reported to the Union Pacific Values Line at 1-800-998-2000.  The complaint will be forwarded to the Company's General Director of Ethics and Compliance for follow-up and response.

Step 2   The General Director of Ethics and Compliance will forward the complaint to the highest-level safety officer for the functional area, i.e. Regional (Service Units), Engineering, Mechanical, etc.

Step 3   The safety officer will conduct an internal investigation which will include interviewing the complainant, interviewing the individual against whom the complaint was made, interviewing any witnesses to the alleged violation, and gathering all pertinent facts.

Step 4   The safety officer will forward the information gathered in step 3 to the appropriate department head for review.

Step 5   The department head will determine if the complaint has merit and, if so, what corrective actions are to be taken.  Where corrective actions are warranted, the department head will initiate those actions.  In all cases, the department head will notify the safety officer of the findings and of any actions taken.

Step 6   The safety officer will notify the General Director of Ethics and Compliance of the results, and the General Director of Ethics and Compliance will notify the complainant of the results of the investigation.

UP Herrera   00563