# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **GUILLERMO HERRERA III,** | ) | 8:15-cv-426-JMG-CRZ |
| Plaintiff, | ) | |
| v. | ) | |
| **UNION PACIFIC RAILROAD COMPANY**, | ) | |
| Defendant. | ) | |

### DEFENDANT UNION PACIFIC RAILROAD COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (VIOLATION OF 49 C.F.R. § 225.33(a)(1))

COMES NOW Defendant Union Pacific Railroad Company ("Union Pacific"), by and through its undersigned counsel, and submits its Response to Plaintiff's Motion for Partial Summary Judgment (Violation of 49 C.F.R. § 225.33(a)(1)):

## I. INTRODUCTION

The Court should deny Plaintiff Guillermo Herrera's Motion for Partial Summary (Violation of 49 C.F.R. § 225.33(a)(1) for three reasons. First, in his Amended Complaint, Plaintiff failed to make a claim for relief under 49 C.F.R. § 225.33(a)(1). Second, even if the Court were to assume for the sake of argument that Plaintiff did seek relief pursuant to 49 C.F.R. § 225.33(a)(1), Congress did not create a private right of action under the regulation. Thus, Plaintiff cannot maintain an action under 49 C.F.R. § 225.33(a) (1). Third, there are clearly and easily identifiable genuine issues of material fact, which must be decided by a jury, to determine whether Union Pacific delayed, denied, or interfered with Plaintiff's medical treatment. The Court should therefore deny Plaintiff's Motion for Partial Summary Judgment.

## II. UNION PACIFIC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS

| Plaintiff's Statement of Undisputed Material Facts | Union Pacific's Response And Opposition To Plaintiff's Statement of Undisputed Material Facts. |
|---|---|
| 1. On February 27, 2009, Dennis Duffy, the Executive Vice President of Operating Department for the Union Pacific Railroad, issued a memo to All Operating Department Management Employees providing guidance to the defendant's managers regarding the Rail Safety Act of 2008, instructing Defendant's management employees:<br>"(3) When an employee is taken for medical care, do not try to direct or influence the employee or the medical professionals as to the type of treatment the employee should received. Do not enter the examination/treatment room without being invited to do so by the employee."<br>(See Exhibit 50 to Rowe Depo.) | 1. For the purposes of this Response, Plaintiff's material fact number 1 is undisputed. |
| 2. On the second page of Exhibit 50, Mr. Duffy instructs its managers under UPRR Comment: "The FRA takes the position that the very presence of an employee's manger in the treatment room at a medical facility may constitute interference with medical treatment unless the employee either specifically requests or consents to the manager's presence." | 2. For the purposes of this Response, Plaintiff's material fact number 2 is undisputed. |

| **Plaintiff's Statement of Undisputed Material Facts** | **Union Pacific's Response And Opposition To Plaintiff's Statement of Undisputed Material Facts.** |
|---|---|
| 3. On February 28, 2013, Lance Fritz, an Officer of the Union Pacific Railroad, sent out an identical memorandum to All Operating Department Management Employees, except separating into paragraphs the similar mandate: "(3) When an employee is taken for medical care, do not try to direct or influence the employee or the medical professionals as to the type of treatment the employee should receive. "(4) Do not enter the examination or treatment room unless specifically invited to do so by the employee." Mr. Fritz again reminds the managers that: "The FRA takes the position that the very presence of an employee's manger [sic] in the examination or treatment room at a medical facility may constitute interference with medical treatment unless the employee either specifically requests the manager's presence." See Exhibit 52 to Rowe Depo. | 3. For the purposes of this Response, Plaintiff's material fact number 3 is undisputed. |
| 4. Cameron Scott, Executive Vice President of Operations, in a memo to All Operating Department Management Employees on May 29, 2015, reminded his employees again of the UP's policies providing "guidance regarding UP's longstanding policy and practice of no interference with an employee's medical care…." See Exhibit 53 to Rowe Depo. | 4. For the purposes of this Response, Plaintiff's material fact number 4 is undisputed. |
| 5. 49 C.F.R. § 225.33 is a regulation enacted for the safety of employees, including Guillermo Herrera. (Exhibit 23, Gavalla Depo., 118:7-20.) | 5. No response is needed; the regulation and its meaning speak for themselves. |
| 6. Brian Rowe is the Union Pacific Railroad's 30(b)(6) witness as it relates to 20109(c)(1) and Defendant's related documents, including its Internal Control Plan (ICP).) See Amended Notice to Take F.R.C.P. 30(b)(6) Video Preservation Deposition (Exhibit 46, Rowe Depo.) | 6. For the purposes of this Response, Plaintiff's material fact number 5 is undisputed. |

| **Plaintiff's Statement of Undisputed Material Facts** | **Union Pacific's Response And Opposition To Plaintiff's Statement of Undisputed Material Facts.** |
|---|---|
| 7. If a manager or supervisor entered the examination or treatment room without being invited to do so by the employee, it would be a violation of Mr. Duffy's instructions in his memo. (Exhibit 25, Rowe Depo., 36:11-17.) | 7. For the purposes of this Response, Plaintiff's material fact number 7 is undisputed. |
| 8. When Carlos Diaz drove Plaintiff from the UP job briefing site in Onaga, Kansas to the emergency room at the community hospital in Onaga, Mr. Diaz went into the room in which Plaintiff was being treated in the emergency room. He stood at the door inside the room. Mr. Diaz was there the whole time. (Exhibit 31, Diaz Depo., 18:5-19:7.) Mr. Diaz was there at the hospital the whole time. (*Id.*, 22:10-15.) | 8. Disputed. Mr. Diaz testified that he was not in Plaintiff's hospital room the entire time:<br>Q All right. As far as -- if I understand what you said earlier, you were in and out of the room? Or in and out -- you were leaving making calls kind of coming back and forth.<br>A Yes.<br>Q Was it Bobby Steely -- was he the one that was in the room the whole time?<br>A I don't know if he was there in the room the whole time or not.<br>Q Because you weren't there?<br>A Yes.<br>Q Is it fair to say that you were not the person that was in the room -- that you were never in the room the whole time? Is that true?<br>A Yes, that's true.<br>(Union Pacific **Exhibit A**, Deposition of Carlos Diaz Diaz 58:2 to 58:17) |
| 9. In the medical record at Community HealthCare System, the hospital in Onaga, a dictation by the physician treating Plaintiff, John Kelley, M.D., summarized Plaintiff's treatment and then states, "The supervisor is with him the whole time and is aware of this and will assist in monitoring how he progresses." (*Id*., Diaz Depo., 36:9-37:12.) | 9. For the purposes of this Response, Plaintiff's material fact number 9 is undisputed. |
| 10. Mr. Diaz never talked with Plaintiff about whether or not it was okay for Mr. Diaz to be in the room with him. (*Id*., Diaz Depo., 56:17-57:6.) | 10. For the purposes of this Response, Plaintiff's material fact number 10 is undisputed. |
| 11. Mr. Diaz never had a conversation with Plaintiff asking him whether it was okay for him to be there. (*Id.*, Diaz Depo., 57:8-13.) | 11. For the purposes of this Response, Plaintiff's material fact number 11 is undisputed. |

| Plaintiff's Statement of Undisputed Material Facts | Union Pacific's Response And Opposition To Plaintiff's Statement of Undisputed Material Facts. |
|---|---|
| 12. Plaintiff never consented to Mr. Diaz being present in the room. (*Id.*, Diaz Depo., 61:9-17.) | 12. For the purposes of this Response, Plaintiff's material fact number 12 is undisputed. |
| 13. Mr. Herrera never asked Mr. Diaz to stay with him. (*Id.*, Diaz Depo., 61:19-24.) | 13. For the purposes of this Response, Plaintiff's material fact number 13 is undisputed. |

### III. UNION PACIFIC'S ADDITIONAL STATEMENT OF DISPUTED MATERIAL FACTS

In addition to the disputes of evidence Union Pacific set forth above, Union Pacific provides the following additional Statements of Disputed Material Facts.

1. Plaintiff never asked Mr. Diaz to step outside of the treatment room or indicate in any way that he did not want Mr. Diaz in the treatment room:

> Q. Did Mr. Herrera ever indicate to you that he didn't want you in the room?
>
> A. No.
>
> Q. Did he ever say or do anything that made it appear to you that he was uncomfortable with you being there?
>
> A. No.

(**Ex. A1**, Deposition of Carlos Diaz, 57:16 to 57:22).

2. Mr. Diaz did not attempt to engage the medical staff as he waited just inside the door in Plaintiff's treatment room. (**Ex. A**, Union Pacific Dep. of Carlos Diaz Diaz (hereinafter "Diaz Dep.") 58:18-60:20).

3. Mr. Herrera thanked Mr. Diaz and Mr. Bobby Steeley for being with him during his treatment:

> A. He thanked us for being there, being with him and stuff like that.

> Q. When Mr. Herrera thanked you for being present there, did you take that, in your mind, that he was happy that you were there, that he was consenting to you being present in that room?
>
> A. No, not where they consented, no. We were just being there with him. You know?
>
> Q. Did Mr. Herrera ever ask you to stay -- to stay with him?
>
> A. He never said not to. You know, he was just -- we were just there, you know, as a friend. You know? That's what we were doing. We were just making -- just checking for his well-being.

(UP **Ex. A**, Diaz Dep., 61:7-61:24.)

    4.    Mr. Diaz stood just inside Plaintiff treatment room door because he was concerned about his condition:

> Q. And you have testified earlier to Mr. Cox that you were concerned about him?
>
> A. Sure.

*(Id.* at 61:25-62:2.)

## IV. SUMMARY JUDGMENT STANDARD

A court shall grant a motion for summary judgment only if the moving party shows that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are, by definition, facts that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute over a material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. The moving party must show that "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets this initial burden, the non-moving party may defeat a motion for summary judgment by setting forth affirmative evidence and specific facts that demonstrate a genuine dispute on an issue. *Anderson*, 477 U.S. at 250.

In ruling on a motion for summary judgment, the Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. Saint Louis Symphony Soc.*, 210 F.3d 845, 847 (8th Cir. 2000). The Court instead "perform[s] only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." *Id.* The Court must view the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Chambers v. Pennycook*, 641 F.3d 898, 904 (8th Cir. 2011).

As will be discussed more fully herein, the Court should deny Plaintiff's Motion for Partial Summary Judgment because Plaintiff did not plead a violation of 49 C.F.R. § 225.33(a)(1) in the Amended Complaint, even if the Court were to ignore this deficiency, there is no private right of action for a violation of the regulation. Finally, the parties dispute many material facts that Plaintiff must prove to prevail on his claim under 49 U.S.C. § 20109(c)(1).

## V. ARGUMENT

**A. Plaintiff Is Not Entitled to Summary Judgment Based On A Claim Not Raised In His Amended Complaint.**

In the Amended Complaint, Plaintiff identified four claims for relief:

a. First Claim For Relief-45 U.S.C. § 51(Heat injury and sequelae)

b. Second Claim For Relief-49 U.S.C. § 20109(C)(1) Denial, Delay or Interference With Medical or First Aid

c. Third Claim For Relief-49 U.S.C. § 20109(c)(1) Failure to Promptly Arrange To Have Plaintiff Transported to the Nearest Hospital

d. Fourth Claim For Relief-49 U.S.C. § 20109(c)(1) Claim for Punitive Damages

(Filing No. 39.)

Absent from the Amended Complaint is a claim for relief for a violation of 49 C.F.R. § 225.33(a)(1). Federal district courts have held that a claim, "which is not raised in the complaint, but rather, is raised only on summary judgment is not properly before the court." *Genesis Air, LLC v. United States*, 2011 WL 3296088, at *9 (N.D. Miss. Aug. 1, 2011); *Campbell v. Food Service,* 2009 WL 1850906, at *2 (E.D. Mo. June 29, 2009) (refusing to rule on the plaintiff's First and Fourteenth Amendment claims on summary judgment since those claims were not raised in his complaint); *Tippler v. Moore*, 2008 WL 1990799 at *5 (W.D. Mo. 2008) (noting that claims not contained in the original complaint, but raised in response to a summary judgment motion, are not properly before the court); *Voskuil v. Envt'l. Helath Ctr.-Dallas, No*. 3:96-CV-0683-D, 1997, 527309, at *4 (N.D. Tex. Aug. 18, 1997) (District Court declined "to grant summary judgment on a cause of action that [the plaintiff] has not alleged."); *Indus. Maritime Carriers, Inc. v. Holnam Inc.*, No. 90-3290, 1991 WL 34655, at *3 (E.D. La. March 12, 1991) (District Court held "an action under COGSA was not pled in the complaint; the plaintiff cannot assert a cause of action not alleged in the complaint. Accordingly, summary judgment will be denied on the basis of COGSA.").

Plaintiff is not entitled to partial summary judgment on a claim that he did not raise in any prior pleading, in the more than eighteen months this case has been pending. Moreover, Plaintiff has not requested leave to file a second Amended Complaint and add a count seeking relief under 49 C.F.R. § 225.33(a)(1). The Court should not permit Plaintiff to seek partial summary judgment on a claim that was never raised in any pleading before this Motion for Partial Summary Judgment.

B.  **No Private Right Of Action Exists For Plaintiff to Enforce 49 C.F.R. § 225.33(a)(1) Outside of § 20109(c)(1) of the Federal Rail Safety Act.**

The Supreme Court has held that "private rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 276, 121 S. Ct. 1511, 1514, 149 L. Ed. 2d 517 (2001). Federal courts recognize that parties cannot maintain a private action premised on a violation federal regulation if Congress did not create such a right. *Smith v. E. Arkansas Video, Inc.*, 2007 WL 1041000, at *2 (E.D. Ark. Apr. 4, 2007), aff'd, 276 F. App'x 542 (8th Cir. 2008) ("[P]laintiff has no private right of action to enforce regulations promulgated by the Federal Communication Commission pursuant to the federal Telecommunications Act."); *Lewis v. Phoenix Am. Adm'rs, Inc.*, 2011 WL 221308, at *2 (D. Minn. Jan. 21, 2011) (Because the Court finds no private right of action under the regulations relied upon by Plaintiff, her claim will be dismissed as frivolous.).

In the Amended Complaint, Plaintiff seeks relief under two federal statutes, 45 U.S.C. § 51, the FELA and 49 U.S.C. § 20109(c)(1), the FRSA. Under § 20109(c)(1), Plaintiff seeks relief for Union Pacific's delay, denial or inference with medical care. Section 20109(c)(1) does, in fact, provide an employee a private right of action. A review of the entirety of section 225.33 however, reveals no such right of private action to enforce a railroad's failure to adopt an Internal Control Plan that meets the requirements set forth in subsection 33(a)(1). Enforcement of section 225.33 is clearly within the jurisdiction of the Federal Railroad Administration and not a private party. Accordingly, Plaintiff's Motion for Partial Summary Judgment for an alleged violation of 49 C.F.R. § 225.33(a) (1) must be denied because there is no private right of action for violation of the regulation in question.

## VI. CONCLUSION

Wherefore, Union Pacific Railroad Company respectfully requests that this Court deny Plaintiff's Motion for Partial Summary Judgment and for such other relief as this Court deems appropriate.

Dated this 26th day of June, 2017.

Respectfully submitted,

UNION PACIFIC RAILROAD COMPANY

By: *s/ Torry N. Garland*
Torry N. Garland, #21624
Union Pacific Railroad Company
1400 W. 52nd Avenue
Denver, CO 80221
(303) 405-5402
(303) 405-5413 – Facsimile
*tngarlan@up.com*

LAMSON, DUGAN & MURRAY, LLP
William M. Lamson, Jr., #12374
Daniel J. Hassing, #24408
David J. Schmitt, #19123
10306 Regency Parkway Drive
Omaha, NE 68114
(402) 397-7300
(402) 397-7824 – Facsimile

ATTORNEYS FOR DEFENDANT
UNION PACIFIC RAILROAD COMPANY

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of June, 2017, I filed and served the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| jim.cox@bcoonlaw.com | James L. Cox, Jr., Esq.<br>BRENT COON & ASSOCIATES, P.C.<br>3801 E. Florida Avenue, Suite 905<br>Denver, CO 80210-2500<br>TEL:    303.756.3243<br>FAX:    303.756.3595 |
| wlamson@ldmlaw.com<br>dhassing@ldmlaw.com | William M. Lamson, Jr., Esq.<br>Daniel J. Hassing, Esq.<br>LAMSON, DUGAN & MURRAY, LLP<br>10306 Regency Parkway Drive<br>Omaha, NE 68114<br>TEL:    402.397.7300<br>FAX:    402W.397.7824 |

   *s/ Torry N. Garland*
TORRY N. GARLAND
Union Pacific Railroad Company
1400 W. 52nd Avenue
Denver, CO  80221
303.405.5402
303.405.5413 (FAX)
tngarlan@up.com